NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
                                    :

|  |  |
|---|---|
| PATSY'S ITALIAN RESTAURANT, INC., : <br> PATSY'S BRAND, INC.,         : <br>                          : <br>        Plaintiffs,       : <br>                          : <br>         v.             : <br>                          : <br> PATSY'S RISTORANTE CORP.,    : <br> KENNETH DEINER         : <br>                          : <br>        Defendants.      : | Civil Action No. 11-05513 (JAP) <br><br> **OPINION** |

———————————————————:

       Presently before the Court is a Motion to Vacate Default Judgment and Permanent Injunction, filed by Defendant Kenneth Deiner [docket entry no. 43].  Defendant's Motion also seeks to vacate an Order of Contempt and Order to Comply with the Permanent Injunction, which this Court entered on January 6, 2012 and an Order for Seizure, which the Court entered on August 14, 2012.  Plaintiffs oppose the Motion.  The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Defendant's Motion to Vacate shall be denied.

## I.      Background

       On September 16, 2011, Plaintiffs filed a Complaint for trademark infringement and unfair competition against the Defendant Corporation, Patsy's Ristorante Corporation ("Patsy's Ristorante"), and its sole stockholder, Kenneth Denier (improperly pled as "Kenneth Deiner") [docket entry no. 1].  Plaintiffs successfully moved for the Clerk's entry of default on October 28, 2011 [docket entries no. 9, 10].  Plaintiffs then moved for default judgment on November 30, 2011 [docket entries no. 11, 12].  Defendants failed to oppose the Motion or otherwise answer,

and the Court entered default judgment on January 6, 2012 [docket entry no. 13].  On January 25, 2012, individual Defendant Kenneth Denier moved to vacate default judgment against him [docket entry no. 14], and Plaintiffs opposed the Motion [docket entries no. 15, 16].  The Court heard argument on this Motion on February 22, 2012.  The Court reserved decision, ordered Defendant Denier to file a letter demonstrating a meritorious defense to Plaintiffs' claims and permitted the Plaintiffs to respond [docket entry no. 19].

On March 14, 2012, the Court held a telephone conference with the parties, and ordered Defendant Denier to file papers demonstrating a meritorious defense by March 19, 2012.  The Court received a letter and supporting exhibits dated March 15, 2012 from Defendant Denier, acknowledging that this submission did not comply with the rules of the Court and promising a later filing in compliance.  The Court received no further submissions from the Defendant.  On April 4, 2012, Plaintiffs filed a Declaration noting the lack of any demonstration of meritorious defense, and asserting that the Motion to Vacate should be denied [docket entry no. 20].  On April 10, 2012, Plaintiffs notified the Court that Defendant Deiner had filed for bankruptcy [docket entry no. 21], and the Court accordingly stayed this matter [docket entry no. 22].

On May 25, 2012, Plaintiffs notified the Court that the bankruptcy matter had been dismissed [docket entry no. 23], and shortly thereafter moved for a finding of Contempt, alleging that the Defendant had re-opened his restaurant with an infringing sign [docket entry no. 24].  Defendant did not oppose the Motion.  In light of the dismissal of Defendant's bankruptcy matter and Defendant's continuing failure to demonstrate any meritorious defense to Plaintiffs' case against him, the Court denied his Motion to Vacate Default Judgment on August 3, 2012 [docket entry no. 29].  The Court further found that, along with the above-described events, the Plaintiffs' unopposed Motion for Contempt showed that Defendant had continued to disobey the

injunction entered against him.  Therefore, the Court also granted the Motion to hold Defendant in Contempt.

On August 13, 2012, Plaintiffs submitted a letter to the Court [docket entry no. 31] requesting an Order for Seizure, contending that Defendants were in violation of the permanent injunction.  The request was granted and the U.S. Marshal Service entered the premises.  When the Marshals arrived at the restaurant, however, Defendant Deiner represented that a third-party corporation owned and operated the restaurant and that Defendant Patsy's Ristorante had filed Chapter 7 bankruptcy.  Plaintiffs therefore chose not to execute the seizure, but requested a hearing [docket entry no. 35], which Magistrate Judge Tonianne J. Bongiovanni granted by Order to Show Cause to be held on September 18, 2012 [docket entry no. 42].

At the Order to Show Cause hearing on September 18, 2012, Defendant Deiner represented that he had formed a new corporation named "Patsy's in the Park," which he owned with his girlfriend.  Following the hearing, the Court ordered additional briefing on the issue of ownership and the applicability of the permanent injunction to the new corporation.  By Order dated December 12, 2012, Judge Bongiovanni found that the permanent injunction [docket entry no. 13] and the Order for Seizure [docket entry no. 34] remained in effect and applied to the new corporation as well, since the new corporation was in active concert with Defendant Deiner.

Meanwhile, on September 6, 2012, Defendant Deiner moved the court to vacate the Permanent Injunction and Order of Contempt, as well as the Order for Seizure.  In the Motion, Defendant states that he had been out of work since early 2012 and has had no money to hire an attorney to advise the Court of his position.  He asserts that during that time, he opened a new restaurant called Patsy's in the Park, which he co-owns with his girlfriend.  He argues that the new corporation bears no resemblance to any of Plaintiffs' restaurants and that it has a new and

3

distinct sign.  Therefore, he requests that the Court vacate the permanent injunction and other

prior Orders.  Plaintiffs oppose the Motion and argue that:  Defendant's time to appeal the

Court's Order issuing an injunction has expired; Defendant has not demonstrated any meritorious

defense to the injunction; and Defendant remains in contempt of the Court's prior Orders.

Plaintiffs contend that Defendant should be held in contempt and his attorney should be

sanctioned for filing a frivolous motion.  They also request that they be awarded attorneys' fees

for having to respond to the Motion to Vacate.  The Court addresses these arguments below.

## II.     Standard of Review

Federal Rule of Civil Procedure 60 provides that a court may relieve a party from a final

judgment or order on the grounds of "newly discovered evidence that, with reasonable diligence,

could not have been discovered in time to move for a new trial under Rule 59(b)," or "fraud . . .

misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(2) and (3).  "The

general purpose of Rule 60, which provides relief from judgments for various reasons, is to strike

a proper balance between the conflicting principles that litigation must be brought to an end and

that justice must be done."  *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977

(3d Cir. 1978).  A motion for relief under Rule 60(b) is left to the discretion of the court.  *See*

*Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1989).  However, such

motions are to be granted only in exceptional circumstances.  *Boughner*, 572 F.2d at 977.

## III.    Legal Discussion

The Court finds that Defendant has not met the standard required to vacate a permanent

injunction, contempt order or seizure order.  Defendant's affidavit is filled with numerous

conclusory statements, little factual support and no evidence of any fraud, misrepresentation or

misconduct by Plaintiffs that would warrant vacating the Court's prior orders.  Moreover, most

of the arguments presented by Defendant have been addressed previously and have little to do with the actual merits of the case.  The Court briefly summarizes Defendant's argument below.

Defendant attempts to argue that his failure to offer a meritorious defense to Plaintiffs' claims is because he has been out of work since early 2012 and has not had the money to pay for an attorney.  While the Court is certainly sympathetic to Defendant's financial difficulties, it has provided Defendant with numerous opportunities to present such a meritorious defense and Defendant has failed to do so.  And as discussed below, the Court is not persuaded by the arguments Defendant now makes in the Motion to Vacate.

In particular, Defendant asserts that he started a new corporation called "Patsy's in the Park" in Spring 2012.  He contends that he owns 49% of Patsy's in the Park and his girlfriend owns the remaining 51%.  Defendant then makes several arguments as to why Patsy's in the Park should not be subject to the permanent injunction or the seizure order, namely, that the new corporation is a distinct corporation, with a new name and new sign.  Defendant contends that it bears no resemblance to Plaintiffs' restaurants and that he has used different advertisements for Patsy's in the Park that make clear it is not affiliated with any other restaurant.  Each of these arguments has been addressed previously by the Court and is meritless.

Magistrate Judge Bongiovanni previously found that Defendant "was less than candid in contending that he was only 49% owner [of Patsy's in the Park], thereby preventing the U.S. Marshals from executing the Order for Seizure."  Indeed, Defendant subsequently submitted a second Affidavit to the Court, in which he admitted that he is the sole owner of Patsy's in the Park.  *See* docket entry no. 46 ¶ 2.  Furthermore, Judge Bongiovanni found that the permanent injunction applied to *both* Defendants Patsy's Ristorante and Kenneth Deiner.  Accordingly, as the sole shareholder of Patsy's in the Park, that corporation remains subject to the permanent

injunction.  Judge Bongiovanni also found that the signage of the two restaurants was substantially similar and that the addition of "in the park" to the name was of no moment.  This Court agrees with Judge Bongiovanni's findings.  The Court further notes that Defendant has not provided any new, previously undiscovered evidence on this point and has not alleged any fraud of misconduct on the part of the Plaintiffs.  Thus, the Court finds that Defendant has not met the standard necessary for vacating a prior judgment and the Motion to Vacate shall be denied.

The Court declines to consider Plaintiffs' request for attorney's fees and costs because Defendant's Motion to Vacate was not so unreasonable or frivolous that granting attorney's fees or costs would be warranted.[1]  However, the Court cautions Plaintiff that if he continues to ignore the Court's Orders, he and his attorney will be subject to appropriate sanctions.

**IV.**    **Conclusion**

For the foregoing reasons, Defendant's Motion to Vacate will be denied.  An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: March 8, 2013

---

[1] At the time Defendant filed his Motion, Judge Bongiovanni had not yet ruled on the issue of ownership and applicability of the permanent injunction to the new corporation.